### CITY OF NEW YORK v. PAOLI et al.

(Supreme Court, Trial Term, New York County. May 5, 1909.)

CONTRACTS (§ 10*)—MUTUALITY.

    A contract by which a city gave defendant the privilege of sorting and appropriating to his own use refuse at specified dumps of the department of street cleaning for one year in consideration of a certain weekly payment, the city reserving the right to at any time change the locations and increase the number of dumps, was not void for want of mutuality; there being an implied obligation on the part of the city to provide for one year the refuse for defendant's use at the places named in the contract.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the City of New York against Ralph Delli Paoli and another. Judgment for plaintiff.

Francis K. Pendleton, Corp. Counsel (Frank B. Pierce, of counsel), for plaintiff.

Tomlinson, Tompkins & Tomlinson (John C. Tomlinson, of counsel), for defendants.

DAYTON, J. Cause sent from Trial Term, Part XIV, to Trial Term, Part V. Jury waived. Facts undisputed. February 4, 1908, the defendant Paoli entered into a contract with the city of New York, based upon advertisement and proposal, for the privilege of sorting, picking over, and appropriating to his own use certain of the refuse at certain specified dumps and incinerators of the department of street cleaning, borough of Manhattan, of the city of New York. By that contract, in consideration of its agreements, the defendant Paoli undertook to pay as compensation to the city through its said department $1,802.35 weekly, in advance, for the period of one year. Upon the failure of any one of said payments the contract, at the option of said department, should be deemed abandoned, whereupon Paoli bound himself to pay to the city the loss occasioned by such abandonment. Defendant surety company became indemnitor in the sum of $5,000. Paoli undertook to provide certain necessary labor and give his personal attention to the performance of the work. He further agreed to furnish labor and materials and to do the work required by said commissioner, to load and trim scows and vessels used by said department at the specified dumps, and the commissioner reserved the right at any time to change any water front dump or incinerator to any other location in Manhattan, and to increase the number of water front dumps by not more than two. The entry upon performance by Paoli, his payment of $14,418.80, his abandonment, the reletting of the contract at a loss of upwards of $60,000, are conceded. Plaintiff sues to recover $5,000, the amount of the bond given by both defendants on the letting of the contract.

Defendants moved at the close of the trial to dismiss the complaint on the grounds (1) that the contract is void for want of mutuality; (2) there is no consideration for the contract; (3) the city was without power to enter into the contract. It would seem that this contract is the grant of a privilege, not a revocable license or permit, for which Paoli agreed to pay. The complaint is specifically and only upon the contract. There is no express agreement on the part of the city that any material shall be delivered at the places specified in the contract, nor that the places specified shall continue for the purposes specified during the term of the contract. The city reserved the right to change at any time the locations and to increase the number of dumps. The question presents itself, Paoli being bound to make the weekly payments, does the city make itself liable for anything? If not, mutuality is lacking. The contract is unilateral and not enforceable, unless there is an implied agreement on the part of the city to furnish the material during the year for the work Paoli undertook to do for the consideration to be paid by him. Laclede Con-

struction Co. v. Tudor Iron Works, 169 Mo. 137, 69 S. W. 384, contains the following clear definition:

"Mutuality of contract means that an obligation must rest upon each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound. * * * It is true that it is not said in so many words that plaintiff agrees that it will provide all its freight to Promberger to handle; but is not that promise a necessary implication? * * * Contracts must be reasonably construed. Conditions or agreements cannot be imported into them, but conditions and agreements necessarily implied are already there."

Mr. Justice Clifford, in Hudson Canal Co. v. Penn. Coal Co., 75 U. S. 288, 19 L. Ed. 349, says:

"Undoubtedly necessary implication is as much a part of an instrument as if that which is so implied was plainly expressed; but omissions or defects in written instruments cannot be supplied by virtue of that rule, unless the implication results from the language employed in the instrument or is indispensable to carry the intention of the parties into effect, as where the act to be done by one of the contracting parties can only be done upon something of a corresponding character being done by the opposite party. The law in such a case, if the contract is so framed that it binds the party contracting to do the act, will imply a correlative obligation on the part of the other party to do what is necessary on his part to enable the party so contracting to accomplish his undertaking and complete his contract."

Had the city in the case at bar neglected or refused to furnish material at the specified dumps or to allow Paoli to work thereat so long as he made his payments, or had it granted this privilege to another during the contracted period, would Paoli have been remediless? Could the city in any of those circumstances have successfully contended that the contract was unilateral and therefore no obligation rested upon it? It seems to me that every fair and reasonable presumption and inference implies that the city did assume and intend the obligation to provide for one year the refuse for plaintiff's use at the places mentioned in the contract. The court may take judicial cognizance of the common knowledge that within any reasonable probability the street cleaning department in Manhattan could not have suspended cleaning the streets and disposing of gathered refuse during the period mentioned in this contract. It must follow that, if the city had failed to furnish such materials at the designated places during the contract period, Paoli, by performing the contract on his part, could have held the city for its breach, and that the contract, therefore, is not void for want of consideration.

As to the power of the city to make a proper contract for the trimming of scows, in my opinion such work is in the nature of "final disposition" of street sweepings, ashes, or garbage. Whether the city should not itself trim the scows and receive the profit which is so apparently to be derived therefrom by those who obtain these contracts is a question of municipal administration and not of law.

Motion to dismiss complaint denied. Exception to defendants. Judgment for plaintiff. Findings to be submitted on two days' notice. Thirty days' stay after entry of judgment, and sixty days to make case on appeal.